UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAOUL MARRADI, | ) |
| Plaintiff, | ) |
| v. | ) 1:17-cv-12588-LTS |
| NEW PETE'S, L.L.C. and 265 FRANKLIN STREET ASSOCIATES, LLC, | ) |
| Defendants. | ) |

# ANSWER, CROSS-CLAIMS, AND JURY DEMAND OF 265 FRANKLIN STREET ASSOCIATES, LLC

NOW COMES Defendant 265 Franklin Street Associates, LLC ("265 Franklin") to answer the claims against it.

## JURISDICTION

1. This paragraph contains conclusions of law to which no response is required.

## PARTIES

2. 265 Franklin lacks information sufficient to admit or deny the allegations in this paragraph, which does not comply with Fed. R. Civ. P. 10(b).

3. 265 Franklin lacks information sufficient to admit or deny the allegations in this paragraph, which does not comply with Fed. R. Civ. P. 10(b).

4. This paragraph contains conclusions of law to which no response is required and does not comply with Fed. R. Civ. P. 10(b). Answering further, to the extent that this paragraph contains allegations of fact, 265 Franklin lacks information sufficient to admit or deny them.

5. 265 Franklin lacks information sufficient to admit or deny the conclusory allegations in this paragraph.

6. The first sentence is admitted. Admitted that 265 Franklin owns the building located at 265 Franklin Street, Boston, Massachusetts 02110 (the "<u>Building</u>"), and that 265 Franklin is the lessor of that property. Denied that 265 Franklin is the owner or operator of restaurant commonly known as "Brandy Pete's," which is located in the Building.

FACTUAL ALLEGATIONS AND CLAIM

7. The Americans with Disabilities Act speaks for itself.

8. The Americans with Disabilities Act speaks for itself.

9. The Americans with Disabilities Act speaks for itself.

10. The Americans with Disabilities Act speaks for itself.

11. This is a conclusion of law to which no response is required.

12. The federal regulations speak for themselves.

13. This is a conclusion of law to which no response is required.

14. This paragraph contains conclusions of law to which no response is required. Answering further, to the extent that this paragraph contains factual allegations, 265 Franklin lacks information sufficient to admit or deny them.

15. This paragraph contains conclusions of law and statements about future events to which no response is required. To the extent that this paragraph contains factual allegations about the Plaintiff's intent, 265 Franklin lacks information sufficient to admit or deny them.

16. This paragraph contains conclusions of law and statements about future events to which no response is required.

17. 265 Franklin lacks information sufficient to admit or deny the conclusory allegations in this paragraph. Answering further, this paragraph contains conclusions of law to which no response is required, and this paragraph does not comply with Fed. R. Civ. P. 10(b).

18. This paragraph does not contain any factual assertions, and therefore no response is required.

19. This paragraph contains conclusions of law and statements about future events to which no response is required. To the extent that this paragraph contains factual allegations, 265 Franklin lacks information sufficient to admit or deny them.

20. This paragraph contains conclusions of law and statements about future events to which no response is required.

21. This paragraph contains conclusions of law and statements about future events to which no response is required.

22. This paragraph contains conclusions of law to which no response is required. 265 Franklin lacks information sufficient to admit or deny Plaintiff's agreement with Plaintiff's attorney.

23. The statute speaks for itself.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1:** The Complaint fails to state a claim for relief.

**Affirmative Defense No. 2:** Plaintiff's claim is barred by the statute of limitations.

**Affirmative Defense No. 3:** Removal of architectural barriers would not be readily achievable, and alternative methods of accommodations are not readily achievable.

## CROSS CLAIM FOR INDEMNIFICATION AND BREACH OF CONTRACT

1. Cross-Claim Plaintiff 265 Franklin Street Associates, LLC ("265 Franklin") owns the real property located at 265 Franklin Street, Boston, Massachusetts 02110.

2. 265 Franklin, as Landlord, leases space at 265 Franklin Street, Boston, Massachusetts (the "Leased Premises") to Cross-Claim Defendant New Pete's, LLC ("New Pete's"), as Tenant.

3. The relationship between 265 Franklin and New Pete's is governed by a written lease instrument which has been amended multiple times (collectively, "the Lease").

4. The original lease was formed on September 7, 1983, between Associates Limited Partnership (Landlord) and Brandy Pete's, Inc. (Tenant).

5. Since then, the Lease has been amended at least six times, the most recent amendment of which is dated November 30, 2009.

6. 265 Franklin is the successor in interest to Associates Limited Partnership, as Landlord.

7. New Pete's is the successor in interest to Brandy Pete's, Inc., as Tenant.

8. The Lease provides, in part: "Tenant acknowledges that it has inspected the premises and accepts the same 'as is'" (Lease Agreement, § 3) and "Tenant agrees to accept the First Additional Premises in 'as is' condition" (Fifth Amendment, § 5).

9. The Lease provides, in part: "Tenant shall comply with all applicable laws, ordinances, regulations, permits, all orders and decrees of court and all requirements of other governmental or quasi-governmental authorities, and shall not, directly or indirectly, make any use of the Premises which may thereby be prohibited or be dangerous to persons or property[.]" Lease Agreement, § 21.4.

10. The Lease provides, in part: "Provided Tenant complies with all laws, ordinances[,] rules, orders, and regulations of all governmental bodies exercising appropriate jurisdiction, Landlord hereby consents to Tenant's use of a portion of the sidewalk adjacent to the building . . . as an outdoor seating area" (First Amendment, § 11).

11. The Lease provides, in part: "The Landlord assumes no liability or responsibility whatsoever with respect to the conduct and operation of the business to be conducted in the

Premises. The Landlord shall not be liable for any accident or injury to any person or persons or property in or about the Premises which are caused by the conduct and operation of said business or by virtue of equipment or property of the Tenant in said Premises. The Tenant agrees to hold the Landlord harmless against all such claims." Office Lease, § 18.

## COUNT I
## Breach of Contract

12. 265 Franklin hereby incorporates the foregoing paragraphs by reference.

13. Pursuant to the Lease, New Pete's agreed to comply with all relevant laws and regulations in its operation of a restaurant at the Leased Premises.

14. To the extent that the factual allegations in the Complaint set forth a violation of the Americans with Disabilities Act, New Pete's has failed that contractual obligation.

15. New Pete's failure constitutes a breach of contract and has caused 265 Franklin damages, including the attorney's fees and costs incurred in defending the present action.

## COUNT II
## Indemnification

16. 265 Franklin hereby incorporates the foregoing paragraphs by reference.

17. Pursuant to the Lease, New Pete's accepted the Leased Premises as-is and agreed to indemnify 265 Franklin for any injury caused to any person at the Leased Premises.

18. In the present action, Plaintiff Raoul Marradi alleges that he was discriminated against and otherwise suffered damages at the Leased Premises.

19. 265 Franklin therefore hereby demands that New Pete's fully indemnify 265 Franklin in connection with Marradi's alleged damages, including indemnification of 265 Franklin's attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Defendant and Cross-Claim Plaintiff 265 Franklin Street Associates, LLC hereby respectfully requests that the Plaintiff's claims against it be dismissed, with prejudice, and failing that dismissal, that Cross-Claim Defendant New Pete's LLC be held liable to indemnify and hold 265 Franklin Street Associates, LLC harmless from and against Plaintiffs' claims, including all attorney's fees and costs it incurs defending this action, along with such other and further relief as is just.

## JURY DEMAND

265 Franklin Street Associates, LLC hereby demands a jury on all claims so triable.

Respectfully submitted,

265 FRANKLIN STREET ASSOCIATES, LLC

By its attorneys,

Dated: February 6, 2018

/s/ Patrick P. Dinardo
Patrick P. Dinardo (BBO No. 125250)
pdinardo@sandw.com
Erika L. Todd (BBO No. 689053)
etodd@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

## Certificate of Service

       I hereby certify that, on February 6, 2018, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF, that paper copies will be sent to any indicated as non-registered participants, and that a copy will be sent to the following by First-Class, United States mail:

       Edward N. Garno, Esq.
       143 Central Street, Suite 217
       Lowell, MA  01852

       and

       New Pete's LLC
       c/o registered agent J. Frank Keohane
       267 Franklin Street
       Boston, MA  02110

       /s/ Patrick P. Dinardo