UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RAOUL MARRADI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 17-cv-12588-LTS |
| NEW PETE'S, L.L.C. and 265 FRANKLIN ASSOCIATES, L.L.C., | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

September 12, 2019

SOROKIN, J.

Now before the Court is a Report and Recommendation issued by Magistrate Judge Bowler recommending that this Court allow in part 265 Franklin's cross-motion for judgment on the pleadings and deny New Pete's cross-motion for judgment on the pleadings. After de novo review, the Court reaches a similar, but not identical, conclusion.

The issue presented by the instant cross-motions is whether 265 Franklin is entitled to recover legal fees and costs from its tenant, New Pete's. Both parties were defendants to a single-count complaint alleging numerous violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), at Brandy Pete's, a restaurant operated by New Pete's and located on property owned by 265 Franklin.[1] Doc. No. 1. Subsequently, 265 Franklin filed crossclaims against New Pete's, arguing, in part, that it is entitled to full indemnification for attorneys' fees pursuant to an indemnification clause in the parties' lease. Doc. No. 6. New

---
[1] Following the original plaintiff's death, the ADA claims were dismissed with prejudice on the basis that such claims do not survive a plaintiff's death. Doc. No. 44.

Pete's, for its part, argues that the indemnification clause is rendered void by Mass. Gen. Laws ch. 186 § 15, which prohibits lease provisions purporting to indemnify landlords for their own misconduct. Doc. No. 50. In response, 265 Franklin disputes that the indemnification clause offends Massachusetts law, arguing instead that the relevant lease provision merely reaches the tenant's conduct. Doc. No. 54 at 2.

First, the Court concludes—as did the Magistrate Judge—that the indemnification clause does not extend beyond the tenant's conduct and thus does not implicate Mass. Gen. Laws ch. 186 § 15. Doc. No. 56 at 12–13. In relevant part, the parties' lease provides:

> The Landlord assumes no liability or responsibility whatsoever with respect to the conduct and operation of the business to be conducted in the Premises. The Landlord shall not be liable for any accident or injury to any person or persons or property in or about the Premises which are caused by the conduct and operation of said business or by virtue of equipment or property of the Tenant in said Premises. The Tenant agrees to hold the Landlord harmless against all such claims.

Doc. No. 6 at 4–5.[2] As the Magistrate Judge rightly concluded:

> The operative language "caused by the conduct and operation of said business" demonstrates that the tenant, as the entity operating the business at the property under the facts, [is] responsible for any accidents or other injury claims. This same phrase indicates that the tenant's scope of responsibility d[oes] not extend to the landlord's conduct. As such, because the language of the lease does not seek to transfer the risk of loss arising from the landlord's wrongdoing to the tenant, it does not offend section 15. See Great N. Ins. Co. v. Paino Assocs., 364 F. Supp. 2d 7, 23 (D. Mass. 2005) (finding lease's indemnification provision did not violate public policy under section 15 because it excluded indemnity for damage caused by landlord's own negligence).

---

[2] As a threshold matter, the Court notes that neither party disputes that an "ADA action constitutes a 'personal injury claim' within the meaning of the lease's indemnification clause." Doc. No. 51 at 3. The Magistrate Judge concurred. Doc. No. 56 at 15; see also Downs v. Mass. Bay. Transp. Auth., 13 F. Supp. 2d 130, 136 (D. Mass. 1998) ("Many courts have characterized claims brought under the ADA as personal injury claims."). The Court agrees and thus adopts the Magistrate Judge's view that an ADA action falls within the scope of the indemnification clause.

Doc. No. 56 at 12–13 (internal citations omitted). Therefore, the indemnification provision is valid; indeed, it is precisely the sort of allocation of risk envisioned by federal law. See 28 C.F.R. § 36.201(b); Botosan v. Paul McNally Realty, 216 F.3d 827, 833–34 (9th Cir. 2000) (noting that if a tenant commits ADA violations, both the tenant and its landlord would be liable to a third-party customer, but acknowledging that "in the lease, [a landlord] could require [a tenant] to indemnify it against all losses caused by [the tenant's] failure to comply with its obligations under the lease") (quoting Department of Justice, Technical Assistance Manual on the American With Disabilities Act § III–1.2000 (1994)).[3]

The Court, however, parts ways with the Magistrate Judge's conclusion that "all of the[] alleged ADA violations [in the complaint] … implicate the conduct and operation of New Pete's business [and thus] fall within the reach of the indemnity provision." Id. at 14. In fact, the complaint alleges two categories of violations: (1) those that "implicate the conduct and operation of New Pete's business" in the leased premises; and (2) those relating to parts of the building for which 265 Franklin retains responsibility. See Doc. No. 1 at 5–6. It is true that the vast majority of the complaint's allegations fall within the former category, including those concerning "tables, doors, restroom floor space, and toilet paper dispensers." Doc. No. 56 at 14. However, at least one allegation in the complaint—claiming that "a change in the level at the entrance threshold" violates the ADA—falls within the latter category. Doc. No. 1 at 5.

This categorization follows directly from the rights and obligations enumerated in the parties' lease. Indeed, the lease provides that while "[t]he Premises are leased to [the] Tenant," the Tenant is merely granted "*the right to use*, in common with others, the loading area of the

---

[3] The Court need not consider 265 Franklin's argument that Mass. Gen. Laws ch. 186 § 15 is preempted by federal regulation. As such, the Court does not adopt the Magistrate Judge's preemption analysis.

3

building, [and] *the Building's entrance*." Doc. No. 49-1 at 29 (emphasis added). Furthermore, the lease specifies: "Landlord agrees that during the term of this lease it shall keep in good repair and condition … the Building, [and] the Building's loading area, *entrance and lobby*." Id. (emphasis added). Interpreting these provisions "according to their plain terms" and "within the context of the [lease] as a whole," Barclays Bank PLC v. Poynter, 710 F.3d 16, 21 (1st Cir. 2013) (applying Massachusetts contract law), the Court concludes that personal injury claims relating to the "entrance threshold" are not "caused by the conduct and operation" of New Pete's. Thus, 265 Franklin may not seek *full* indemnification for legal costs and fees related to this matter; rather, it may only seek indemnification for costs related to allegations that "implicate the conduct and operation of New Pete's business." Doc. No. 56 at 14.

For the foregoing reasons, 265 Franklin's cross-motion for judgment on the pleadings with respect to its indemnification claim is ALLOWED IN PART and DENIED IN PART, and New Pete's cross-motion for judgment on the pleadings is DENIED.

In addition to its indemnification claim, 265 Franklin's cross-motion for judgment on the pleadings asserts that New Pete's, in allegedly failing to comply with the ADA, breached its contract with 265 Franklin. Doc. No. 6. The Magistrate Judge concluded that resolution of this claim turns on contested facts that are absent from the pleadings; thus, it cannot be decided at this stage. Doc. No. 56 at 23; see also Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006). Neither party objected to this conclusion. After de novo review, the Court adopts the Magistrate Judge's conclusion. Accordingly, 265 Franklin's motion for judgment on the pleadings with respect to its breach of contract claim is DENIED.

4

The parties shall submit a joint status report by September 27, 2019 presenting joint or separate proposals for a schedule to govern the remainder of the case.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge