UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| 265 FRANKLIN STREET ASSOCIATES, LLC, | ) ) ) ) | |
| Cross-Claim Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 17-cv-12588-LTS |
| NEW PETE'S, LLC, | ) ) ) | |
| Cross-Claim Defendant. | ) ) | |

<u>ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS (DOC. NO. 63)</u>

January 8, 2020

SOROKIN, J.

Previously, the Court ruled that "265 Franklin may not seek <u>full</u> indemnification for legal costs and fees related to this matter; rather, it may only seek indemnification for costs related to allegations that implicate the conduct and operation of New Pete's business." Doc. No. 59 at 4 (internal quotation marks omitted). 265 Franklin has now submitted its request for attorney's fees and costs with supporting documentation and New Pete's has opposed. Doc. Nos. 63, 66. For the following reasons, the Court reduces the request submitted by 265 Franklin and otherwise ALLOWS its motion.

At the outset of the underlying suit—and in response to a request from New Pete's—Magistrate Judge Bowler stayed all discovery while New Pete's engaged an ADA expert; however, at 265 Franklin's request, the Court exempted discovery regarding the plaintiff's standing to bring suit. Doc. No. 28. Subsequently, 265 Franklin served such discovery, resulting in interrogatories, document production, and a motion to compel filed by 265 Franklin. Doc. No.

29. After a suggestion of death was filed as to plaintiff Marradi, Doc. No. 39, the instant dispute ensued.

Under Massachusetts law, "[w]hat constitutes a reasonable fee is a question that is committed to the sound discretion of the judge." Berman v. Linnane, 748 N.E.2d 466, 469 (Mass. 2001). Furthermore, Massachusetts courts look to several factors when determining whether attorney's fees are reasonable, including: "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." Id. (quoting Linthicum v. Archambault, 398 N.E.2d 482, 488 (Mass. 1979)).

First, New Pete's invites the Court to find that 265 Franklin's decision to pursue a standing defense rather than to identify whether the building at issue in the underlying suit in fact violated the ADA was per se unreasonable. Doc. No. 66 at 7-8. While New Pete's position has tremendous practical appeal,[1] lawyers work for clients, and clients are entitled to stand on their legal rights, which include demanding that a plaintiff have standing to bring suit. Nothing before the Court suggests that the standing defense was frivolous, advanced without a colorable basis, or advanced in bad faith. Thus, the Court rejects this basis for reducing 265 Franklin's fees request.

Second, while some of 265 Franklin's discovery requests were reasonable in scope, such as its first and second request, other requests were overly broad, burdensome, and neither

---

[1] It is an especially sensible position when considering the long-term interests of 265 Franklin, which New Pete's rightly notes has an independent legal obligation to comply with the ADA. Indeed, even if a standing defense succeeds in one case, 265 Franklin risks another ADA suit brought by a private person who does have standing, as well as suit on behalf of a public agency charged with enforcing the ADA.

targeted, efficient, nor proportional. See Doc. No. 29-4 at 4 (seeking "[a]ll documents concerning all occasions when you have gone to the Downtown Boston [sic] from January 2013 through [2018]");[2] id. (seeking "[d]ocuments reflecting your medical status, insofar as it reflects your mobility during the period from January 1, 2013 through December 30, 2017"). Ultimately, the discovery requests resulted in 265 Franklin filing a motion to compel (which was partially necessitated by plaintiff's counsel rather than the scope of the requests made by 265 Franklin). Doc. No. 29 at 3-5 (noting that plaintiff Marradi's counsel "ignored two separate requests for conferences regarding his objections" but also highlighting that Marradi objected to requests that that the Court now finds were overly broad).

In these circumstances, the Court reduces by 50 percent the hours that 265 Franklin's attorneys may bill for drafting, serving, conferring about, and compelling discovery. Thus, the 16.7 billable hours that the Court has identified as solely devoted to discovery-related work, see Doc. No. 65 at 8-10, shall be reduced to 8.35 hours. Therefore, the Court initially reduces the fee request from $41,369.65 to $36,709.40.

Additionally, the Court concludes that the hourly rates charged by Attorneys Dinardo and Todd were unreasonably high given that this mine-run lawsuit "was a straightforward ADA compliance case." Melo v. Lawrence Plaza Ltd. P'ship, No. CV 15-13472-FDS, 2017 WL 489681, at *5 (D. Mass. Feb. 6, 2017). Hourly rates of $815 and $515, while "entirely consistent with the rates charged by Boston lawyers of [their] experience and ability," Doc. No. 65 at 19, are nonetheless entirely inappropriate for the work required to resolve the underlying dispute

---

[2] For example, if the Court wished to determine the frequency of counsel coming to "Downtown Boston" over a four-year period, an informal inquiry with counsel, an interrogatory, or a handful of questions at a deposition would all be far more useful, far cheaper, and far less burdensome than seeking all documents within counsel's possession, custody, and control concerning counsel going to Downton Boston over a four-year period.

3

here.  Cf. Melo, 2017 WL 489681, at *5 (awarding hourly rates of $250 and $200 for a straightforward ADA compliance case); Hutchinson ex rel. Julien v. Patrick, 683 F. Supp. 2d 121, 129 (D. Mass. 2010), aff'd, 636 F.3d 1 (1st Cir. 2011) (finding rates of $250–$425/hour reasonable in an ADA case of great "importance and difficulty"); Iverson v. Braintree Prop. Assocs., L.P., No. 04CV12079-NG, 2008 WL 552652, at *3 (D. Mass. Feb. 26, 2008) (reducing an associate's hourly rate to $150 in a similar ADA compliance case).  Accordingly, the Court concludes that it is appropriate to award Attorney Dinardo an hourly rate of $407.50, Attorney Todd an hourly rate of $257.50, and to halve the hourly rates of the paralegals who performed work on this matter.[3]

Thus, the Court further reduces the fee request from $36,709.40 to $18,354.70.  265 Franklin's motion is otherwise ALLOWED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[3] The Court concludes that a $330/hour rate for paralegals in a case of this nature is unreasonable.